# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRENDA J. MELTON,
        Appellant,

    v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
AT-0752-16-0591-I-1

DATE: March 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Harvey G. Orr, Riverdale, Georgia, for the appellant.

Tammie Philbrick, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which found that the agency did not violate her reemployment priority rights following her full recovery from a compensable injury. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The essential undisputed facts as set forth by the administrative judge are as follows: The appellant was formerly employed by the agency as a Parcel Post Distribution Clerk. Initial Appeal File (IAF), Tab 34, Initial Decision (ID) at 1. On June 5, 2008, she suffered a work-related injury to her right toe that was accepted by the Office of Workers' Compensation Programs (OWCP) as a compensable injury. ID at 1-2. On July 16, 2013, OWCP notified the appellant that it was terminating her entitlement to compensation for wage-loss benefits on the basis that her work-related condition had resolved and she had no continuing disability as a result of her June 5, 2008 work injury. ID at 2. According to the appellant, on August 1, 2013, she reported to work wearing a medical boot that exposed her toes and submitted a return-to-work letter signed by her doctor on June 18, 2013, indicating that she needed to wear open-toed shoes until she was reevaluated. ID at 6. A manager told her that there was no work for her because she was wearing an open-toed shoe and that he would call her. *Id.* According to the manager, the appellant showed up to work at some point wearing an open-toed shoe, and he told her to put on proper footwear and go to P4. *Id.* The appellant was on leave without pay (LWOP) from August 1, 2013, until April 30, 2016, when she returned to work. ID at 2, 10.

¶3 On or about June 6, 2016, the appellant filed a Board appeal alleging that the agency denied her restoration and/or constructively suspended her. IAF, Tab 1, Tab 10 at 4-6. The administrative judge found that the appellant raised nonfrivolous allegations of Board jurisdiction over her restoration claim. IAF, Tab 20 at 1. After holding a hearing, the administrative judge issued an initial decision, finding that the appellant failed to prove that the agency violated her reemployment priority rights as an employee who fully recovered more than

1 year from the date her eligibility for compensation began. ID at 5-10. In particular, the administrative judge found that the appellant failed to prove that she requested restoration within 30 days after OWCP terminated her benefits on July 16, 2013, because her August 1, 2013 request to return to duty amounted to a request for light duty, not a request for restoration. ID at 5-7. The administrative judge further found that the agency did not violate the appellant's reemployment priority rights by not placing her on a reemployment priority list because she was never separated from the agency's rolls, but rather remained on the rolls in an LWOP status. ID at 9-10. The administrative judge did not make any findings concerning the appellant's claim that she was constructively suspended.

¶4      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly found that the agency did not violate the appellant's reemployment priority rights.

¶5      To establish jurisdiction over a restoration appeal as an individual who fully recovered more than 1 year from the date eligibility for compensation began, the appellant must make nonfrivolous allegations that: (1) she was separated because of a compensable injury; (2) she has fully recovered more than 1 year after the date she became eligible for OWCP benefits; (3) she requested restoration within 30 days of the cessation of OWCP compensation; and (4) she believes that the agency violated her reemployment priority rights. *Nevins v. U.S. Postal Service*, 107 M.S.P.R. 595, ¶ 11 (2008). If the appellant makes the required nonfrivolous allegations that the agency denied her reemployment priority rights, she is entitled to a hearing on the merits. *Id.* If there is a bona fide dispute as to any of these elements, however, the appellant still bears the burden of proving them because they are issues that implicate both jurisdiction and the merits. *Id.* If the appellant establishes the Board's jurisdiction over her reemployment priority claim, then the agency has the burden of proving by preponderant evidence that it

did not violate the appellant's reemployment priority rights, including proof that it did not appoint another person who could not have been appointed properly. *Id.*

¶6    On review, the appellant disputes the administrative judge's finding that she did not request restoration when she reported to work on August 1, 2013, wearing a boot and requesting to work with restrictions. PFR File, Tab 1 at 1, 4-8. She asserts that it was outside of the administrative judge's authority to rule that she was seeking light duty on August 1, 2013, because the Board is bound by OWCP's determination that she was fully recovered. *Id.* at 5-6. However, even assuming that the appellant requested restoration when she reported to work on August 1, 2013, wearing the boot, the administrative judge correctly found that the agency did not violate her reemployment priority rights.  Although the appellant argues generally on review that the agency was obligated to place her on a reemployment priority list, PFR File, Tab 1 at 9-11, she does not dispute the administrative judge's finding that she was never separated from the agency's rolls and remained in an LWOP status, able to return to her position, ID at 10. Nor did the appellant contend that she was denied restoration because of the employment of another person.  *See* 5 C.F.R. § 302.501 (explaining that an excepted-service employee who is entitled to priority consideration may appeal a violation of her restoration rights to the Board by presenting factual information that she was denied restoration rights because of the employment of another person).  Moreover, following OWCP's termination of her benefits, on August 13, 2013, the agency directed the appellant to report to her position, informed her that any further need for limitations would be considered light duty, and provided her with instructions as to how to request light duty.  IAF, Tab 22 at 46. Accordingly, we discern no error in the administrative judge's ultimate finding that the agency did not violate the appellant's reemployment priority rights.

<u>Remand is necessary to adjudicate the appellant's constructive suspension claim.</u>

¶7      On review, the appellant contends that the administrative judge erred in failing to adjudicate her constructive suspension claim. PFR File, Tab 1 at 13-14. The record reflects that the appellant raised a constructive suspension claim below when she alleged that the agency failed to provide her with light duty when she reported to work on August 1, 2013, and, thus, she was constructively suspended from August 1, 2013, to April 30, 2016.[2] IAF, Tab 10 at 4-6; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 13 (2013) (discussing various fact patterns that can give rise to a constructive suspension, including the denial of an employee's request for light duty if the agency is obligated by policy, regulation, or contract to offer light-duty work). The administrative judge issued a jurisdictional notice informing the appellant of her burden of proving that she was constructively suspended; however, such notice was brief and did not fully advise the appellant regarding how to prove a constructive suspension claim. IAF, Tab 13 at 1-2. The parties also submitted jurisdictional responses on this issue. IAF, Tabs 14-15. The record does not indicate that the appellant abandoned this claim; however, it was not included in the administrative judge's Order and Summary of Prehearing Conference or addressed in the initial decision.

¶8      An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and legal reasoning, as well as the

---

[2] A Postal Service employee has a right to appeal a constructive suspension to the Board, if she (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) has completed 1 year of current continuous service in the same or similar positions. *See* 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012). Because there was conflicting evidence in the record below concerning whether the appellant was a preference eligible, the Board issued a show cause order requiring the appellant to submit documentation establishing that she is a preference eligible. PFR File, Tab 4. In response, the appellant submitted documents establishing that she is a preference eligible. PFR File, Tab 5 at 16, 18, 22.

authorities on which that reasoning rests.  *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).  If any of these items is missing or substantially incomplete, the Board will remand the appeal to the administrative judge for modification.  *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 14 (2012).  Accordingly, we vacate the initial decision and remand the appeal to the regional office to adjudicate the appellant's constructive suspension claim.  On remand, the administrative judge shall afford the appellant proper jurisdictional notice and may afford the parties an opportunity to further develop the record on the constructive suspension claim to the extent that she deems necessary to allow full and fair adjudication of this claim.  In her new initial decision, the administrative judge shall make findings concerning the appellant's constructive suspension claim and also may adopt her prior finding that the appellant failed to prove that the agency violated her reemployment priority rights so that the appellant will have a single decision with appropriate notice of appeal rights addressing both of her claims.  *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).

## ORDER

¶9      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                  /s/ for
                                _____
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.